429.15

No. _____

ORIGINAL

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

---

FRANCISCO DURAN, JR.
PETITIONER

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

VS

RESPONDENT
THE STATE OF TEXAS

---

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

ON APPEAL FROM
THIRTEENTH DISTRICT COURT OF APPEALS
CORPUS CHRISTI, EDINBURG, TEXAS
2013 TEX. APP. LEXIS 8111
NO. 13-12-00344-CR

---

PETITION FOR DISCRETIONARY REVIEW

---

PRO SE

Francisco Duran, Jr.
Robertson Unit # 1793551
12071    FM    3522
Abilene, TX. 79601

# TABLE OF CONTENTS

**SUBJECT MATTER**                                                    **PAGE NUMBER**

Index of Authorities                     . . . . . . . . . . . .          iii

Statement Regarding Oral Argument        . . . . . . . . . . . .          iv

Statement of the Case                    . . . . . . . . . . . .           v

Statement of Procedural History          . . . . . . . . . . . .          vi

**GROUNDS FOR REVIEW:**

1. The Court of Appeals Erred in affirming and modify-

ing the judgement of conviction and in particular:

    a. by modifying the jury's conviction from a second
       degree felony of burglary to a first degree felony
       burglary by retaining an indictment count of ag-
       gravated assault with a deadly weapon that was a-
       bandoned by the prosecution.....................          1

    b. by modifying the judgement to delte the words
       "Special Issue" in the deadly weapon finding  so
       that the State's abandonment of Count II  became
       a legal shoe that fit their modification(s).....          1

    c. by failing to vacate the double jeopardy barred
       conviction(s) as requested and agreed between de-
       fense counsel and the State Appellate Counsel,
       to wit, the aggravated assault with a deadly
       weapon.........................................1

    d. by failing to recognize the plain error of pe-
       titioner being deprived of a fair trial in vio-
       lation of the Fifth Amendment's double jeopardy
       clause.........................................1

2. The Court of Appeals Erred in affirming the judge-

ment of conviction(s) regarding petitioner's     five

points of error raised, to wit:

    FIRST:     The evidence was legally insufficient to
           support the Burglary conviction....................1

    SECOND:   Ineffective assistance of counsel at trial.........1

    THIRD:    The trial court committed error in includ-
    FOURTH:   ing the aggravated assault conviction in the
           judgement after the State abandoned the
           allegation; and by not allowing defense witnesses

## TABLE OF CONTENTS

**SUBJECT MATTER**                                          **PAGE NUMBER**

FOURTH: to testify at the punishment trial; as
FIFTH:  well as committing error in making  a
        finding that a deadly weapon was used
        or exhibited...................................... 2

Argument and Authorities                        ............ 2

Prayer for Relief                              ............END

Appendix containing the appellate opinion        ............ A

# INDEX OF AUTHORITIES

**THE LAW:**                                                                              **PAGE NUMBER**

Apprendi-v-New Jersey,     U.S.     (    ).......................              12
Berman-v-United States, 302 U.S. 211, 212 (1937)...................            2,12
Bigley-v-State, 865 SW.2d 26, 27-28 (Tex.Crim.App.1993)...........              2
Butler-v-State, 769 SW.2d 234, n.2 (Tex.Crim.App.1989)............              7
Clark-v-Procunier, 755 F.2d 394 (5th Cir. 1985)...................              7
David-v-State, 91 SW.3d 824 (Tex.Crim.App.1994)...................              9
Delapaz-v-State, 229SW.3d 795, 802 (Tx.App.Eastland 2007) rev'd.
on other grounds 273 Sw.3d 671, 681 (Tex.Crim.App.2008)..........               9
Garcia-v-State, 571 Sw.2d 896, 899 (Tex.Crim.App.1978)...........              2,10
Landers-v-State, 957 Sw.2d 559-560 (Tex.Crim.App.1992)...........               2
Langs-v-State, 183 SW.3d 680, 686 (Tex.Crim.App.2006)............              2,10
Littrell-v-State, 271 Sw.3d 273 (Tex.Crim.App.2008)..............             2,10
Minor-v-State, 91 SW.3d 824 (Tx.App.Fort Worth 2002, pet. ref'd).              9
Nash-v-State, 175 SW.3d 487 (Tx.App.Texarkana 2005,pet. ref'd)...              12
Nelson-v-State, 149 Sw.3d 206, 213 (Tx.App.Fort Worth 2004, no pet.)           2
Strickland-v-Washington, 466 U.S. 668 (1984)......................              8
Thomas-v-State, 821 Sw.2d 616 (Tex.Crim.App.1991)..................            12
Urbano-v-State, 837 SW.2d 114 (Tex.Crim.App. 1992)..................            7
United States-v-Lopez, 74 F.3d 575, 577 (5th Cir. 1996)............            7
United States-v-Ramos-Garcia, 184 F.3d 463, 465 (5th Cir. 1999)......          7
United States-v-Reveles, 190 F.3d 678 (5th Cir. 1999)..............            7
Webb-v-State, 766 SW.2d 236 (Tex.Crim.App. 1984)...................            9
Williams-v-State, 692 SW.2d 671, 676 (Tex.Crim.App. 1989)...........           7


**U.S.C.A**

5th Amendment's double jeopardy clause..............................          5


**TEX. PEN. CODE**

§ 22.02(a)(2)                      ...............................            3
§ 30.02(a)(3)                      ...............................            3


**T.R.A.P.**

66.3(c)                           ...............................            6

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner-appellant is a prisoner acting in his own behalf and thus is not available nor qualified to present oral arguments, though he would urge that the issues are of sufficient magnitude and complexity to merit oral argument. Therefore, if the Court recognizes merit in holding oral argument, then petitioner makes request for the Court to appoint counsel to represent. Thank you.

## STATEMENT OF THE CASE

Petitioner-appellant was initially indicted with a single offense of Burglary of a Habitation, but after he rejected the State's 2 -to- 5 year plea offer the prosecutor re-indicted him with a dual count indictment. Each count alleged£ a separate penal code offense, to wit, Count I was Burglary of a Habitation [§ 30.02 (a)(3), Tex. Pen. Code], and, Count II, Aggravated Assault with a Deadly Weapon [§ 22.02 (a)(2)].

Each penal code offense alleged the same dat and the evidence at trial showed that each offense arose out of the same incident.

At the close of the State's evidence and the defense of alibi the trial court submitted each offense to the jury in its instructions within the jury charge, along with separate verdict forms per penal code offense. The jury found petitioner guilty of each count as demonstrated within their separate verdict forms.

After the jury found guilt on each count as charged in the indictment, the prosecution abandoned the Aggravated Assault with a Deadly Weapon, Count II.

At the punishment phase the jury sentenced petitioner to 25-years on Count I, the Burglary charged. The trial court it its Judgement of Conviction listed both guilty verdicts as two judgements of conviction.

Likewise, at the punishment phase the trial court would not allow petitioner to present witnesses in mitigation. The court held that to allow these defense witnesses would be a violation of the Rule.

Finally, the Appellee chose to "not include its own Statement of the Case", but instead was "satisfied with Appellant's Statement of the Case". See State's Appeal Brief under their "Statement of the Case" at page 6.

Lastly, the "State conceded that it may be appropriate to modify the trial court's judgement by removing the Aggravated Assault conviction", in light of the State abandoning the offense, aswell as, its double jeopardy ramifications. See State's Appeal Brief at page 31.

## STATEMENT OF THE PROCEDURAL HISTORY

1. Petitioner-appellant was initially indicted for a single penal code offense of Burglary of a Habitation;

2. A plea offer of five-years was rejected and the State reindicted with a dual count indictment involving two separate penal code offenses, to wit, Burglary of a Habitation, and Aggravated Assault with a Deadly Weapon. The deadly weapon alleged a DVD Player in the manner of its use;

3. At trial the evidence proved that both penal code ffenses derived from the same incident. Yet, both penal code offenses were submitted to the jury with separate instructions along with separate verdict forms;

4. After the jury found guilt on both indictment counts the State chose to abandon the aggravated assault with a deadly weapon offense, and proceeded to punishment on Count I only: the Burglary;

5. A motion for New Trial was filed claiming the evidence was insufficient to convict due to a misidentification, and that petitioner chould not have been convicted of the deadly weapon since no dead-

ly weapon finding was submitted to the jury;

6. An appeal was perfected to the Thirteenth District Court of Appeals of Texas and was eventually affirmed and modified;

7. No petition for discretionary review was sought because defense counsel on appeal failed to give petitioner notice;

8. A 11.07 application for the writ of habeas corpus requesting an out-of-time [PDR] petition for discretionary review was filed and granted;

9. This petition for discretionary review followed in a timely manner.

FRANCISCO DURAN, JR.
PETITIONER

VS

RESPONDENT
THE STATE OF TEXAS

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES:

COMES NOW, the above named petitioner-appellant, acting in his own behalf, respectfully requesting the Court to grant this petition for discretionary review. IN THAT,

GROUNDS FOR REVIEW (restated):

THE COURT OF APPEALS ERRED IN AFFIRMING
AND MODIFYING THE JUDGEMENT OF CONVICTION:

a. by modifying the jury's conviction of second degree burglary to that of a first degree felony burglary by retaing the indictment count of aggravated assault with a deadly weapon that was abandoned by the prosecution;

b. by modifying the judgement to delete the words "special issue" in the abandoned deadly weapon finding of Count II to produce a

-1-

legal shoe that fit the State's request for a modification;

c. by failing to vacate the double jeopardy barred conviction as requested and agreed to by the State, to wit, the aggravated assault with a deadly weapon;

d. by failing to recognize the plain error of petitioner being deprived of a fair trial in violation of the Fifth Amendment's double jeopardy clause.

THE COURT OF APPEALS ERRED IN
AFFIRMING THE JUDGEMENTS OF
CONVICTION(S) REGARDING PETITIONER'
FIVE POINTS OF ERROR.

## ARGUMENT AND AUTHORITIES

Petitioner-appellant presents his first ground for review regarding the court of appeals absuing its authority in affirming and modifying the judgements of conviction(s). Texas Rule of Appellate procedure 43.2(b), does allow for modification pertaining to form and procedural techancalities, as well as, some procedural errors or to reflect the truth as reflected in the recorded pronouncements, but does not allow a modification involving substantive alterations in the judgement(s) of conviction(s). **Langs-v-State**, 183 SW.3d 680, 686 (tex. Crim. App. 2006); **Bigley-v-State**, 865 Sw.2d 26, 27-28 (Tex. Crim. App. 1993); **nelson-v-State**, 149 Sw.3d 206, 213 (Tex. App. - Fort Worth 2004, no pet.) [An appellate court may correct and reform a trial court judgement regarding procedural matters to make the judgement congruent with the record; cf. **Littrell-v-State**, 271 SW.3d 273 (Tex. Crim. App. 2008); **Landers-v-State**, 957 Sw.2d 559-560 (Tex. Crim. App. 1997); and **Garcia-v-State**, 571 SW.2d 896, 899 (Tex. Crim. App. 1978).

-2-

The above referenced law stands for the proposition that a Court of Appeals may modify and/or reform a conviction involving procedural matters such as clerical errors in the judgement of conviction or judge recitals at sentencing or when there are procedural errors inconcsistent with decisional law or rules of procedure, but not substantive errors in the jury verdicts stemning from the indictment and jury charge instructions at guilt/innocence and/or at punishment. As in the case at bar.

The petitioner-appellant was indicted for the criminal offenses of Burglary of a Habitation, Texas Penal Code § 30.02(a)(3), and, Aggravated Assault with a deadly weapon, Texas Penal Code § 22.02 (a)(2). The indicted offenses were not manner and means allegations. Instead the indictment consisted of a proeprty offense and a person offense. Each stemning from the same criminal incident.

The trial court's jury charge at guilt/innocence separately charged on each penal code offense. Instructing the jury consider the law instructions from a parties theory. The jury returned guilt on both crimes, butthe State abandoned the aggravated assault with a deadly weapon offense. Thus, there was no final conviction. See **Berman-v-United States**, 302 U.S. 211, 212 (1937) ["Final judgement in a criminal case means sentence. The sentence is the judgement."]. Absent a final judgement thre trial court had no authority to modify the judgement.

Likewsie, absent a final judgement the court of appeals had no authority to modify the judgement to reflect a final judgement that was not made by the jury. By the State abandoning Count II of the indictment there was no deadly weapon judgement or conviction. Thus, it was a substantive error for the court(s) to transfer the

-3-

essential element and aggravating factor of the abandoned offense over to that of the Burglary conviction.

In fact, the Jury Charghe instructions at guilt/innocencve did not instruct deadly weapon in Count I the Burglary of a Habitation offense. Likewise, the jury's verdict forms only applied the deadly weapon element to the aggravated assault offense, i.e.

> "We, the Jury, find the defendant, Francisco Duran, Jr., "GUILTY" of Burglary of a Habitation in Count I, as charged in the indictment."

> "We, the Jury, find the defendant, Fransicso Duran, Jr., "GUILTY" of Aggravated Assault with a Deadly Weapon in Count II, as charged in the indictment."

Finally, the trial court's sentencing of petitioner-appellant was only on Count I since the Stateabandoned Count II the aggravated assault with a deadly weapon. The trial court thus ordered:

> "IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense of BURGLARY OF A HABITATION, as found by the Jury, and is hereby sentenced to TWENTY-FIVE (25) YEARS ...".

He pronounced this final judgement because the jury determined petitioner-appellant to be punished at TWENTY-FIVE YEARS. They held at punishment phabe that:

> "And we assess his punishment at confinement in the Texas Departjment of Criminal Justice for 25 years (being "Life" OR not less than fifteen (15) years not more than ninety-nine (99) years), and assess a fine of $None. (Answer in dollare and cents, not exceeding $10,000.00 or "None")".

In short, though the State abandopned the offense of Count II, and the jury charge at guilt/innocence did not instruct any deadly weapon in relation to the Burglary offense and at punishment the jury only sentenced petitioner on the Burglary offense without

-4-

affirmative finding of a deadly weapon. the trial court still took it upon itself to switch over the essential element of the abandoned deadly weapon element of the aggravated assault offense to that of the Burglary. Simply not right to do so. Therefore this issue before the Court, in light of the Court of appeals upoholding the switch over.

## CONCLUSION

In view of the above, petitioner urges the Court that the trial court and court of appeals errored in modifying the judgement of conviction by retaining the deadly weapon element of the aggravated assault offense, as well as, modifying the jurgement to delete the words "special issue" in the abandoned deadly weapon finding of Count II so that it became a legal shoe that fit the State's request for such a modification.

Likewise, the Court of appeals errored in failing to vacate the double jeopardy barred conviction as requested by appellate counsel and agreed to by the State, to wit, the aggravated assault with a deadly weapon; and finally, the Court of Appeals failed to recognize the plain error of petitioner being deprived of a fair trial in violation of the Fifth Amendment's double jeopardy clause.

For these reasons petitioner ought to be granted petition for discretionary review.

**SECOND GROUND FOR REVIEW** (restated):

THE COURT OF APPEALS ERRED IN AFFIRMING
THE JUDGEMENT OF CONVICTION(S) REGARDING
PETITIONER'S FIVE POINTS OF ERROR:

-5-

## ARGUMENT AND AUTHORITIES

**FIRST APPELLATE POINT** (restated):

The evidence was legally insufficient to support the Burglary conviction.

**REASONS FOR REVIEW:** Rule 66.3(c), T.R.A.P.

The Court of Appeals ruled that the evidence was sufficient regarding the identity element of the offense of Burglary of a Habitation when the onlt evidence that showed petitioner to have been in the residence of the complainant was the aggravated assault with a deadly weapon offense which the State abandoned. Nonetheless, The alleged deadly weapon was an electronic DVD Player that in the manner of its use was capable of causing or did cause serious bodily injury. The evidence clearly showed and was not contested that there was no serious bodily injury. Thus, was the DVD Player capable in the manner of its use to cause serious bodily injury?

The evidence by the complainant demonstrated that someone threw the DVD Player at him and it hit him causing brusie. His testimony was equivocal. At one point in his testimony he indicated it was petitioner who threw the DVD Player and then, again he indicated it might have been someone else.See RR.Vol.3, p.35, 34-36 [He could not tell who threw the DVD Player. It was possibly petitioner].

The state's counter position to the DVD Player being a deadly weapon in the manner of its use is predicated on a claim that from evidence "the jury could reasonable infer that the manner of the DVD player's us against Gonzalo transformed it into a deadly weapon." See State's Brief at 17-18.

-6-

This inference evidence was off-set by the defense evidence of mistaken identification via the defense witnese Chevon Muniz,who testified that petitioner never went to the complainant's house on December 10, 2010 [RR.Vol.3, pp.136-139]. Thus, the state's one witness who gave a probable testimony that it was petitioner and the defense one witness of alibi.

On the federal level when the evidence is equal or near equal to a theory of guilt or innocence a reversal is mandated. See **United States-v-Lopez**, 74 F.3d 575, 577 (5th Cir. 1996) ["We reverse if the evidence 'gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence'".]; **United States -v-Ramos-Garcia**, 184 F.3d 463, 465 (5th Cir. 1999) ["If the evidence 'gives equal or near equal circumstantial support to a theory of guilt or innocence', the Court should reverse because 'under these circumstances a reasonable jury must necessarily entertain a reason-able doubt'".]; **United States-v-Reveles**, 190 F.3d 678 (5th Cir. 1999) [same]; **Clark-v-Procunier**, 755 F.2d 394 (5th Cir. 1985)[same]. Accord **Williams-v-State**, 692 SW.2d 671, 676 (Tex.Crim.App. 1989) [A guilty verdict should not stand because the defendant was found to be the most likely perpetrator]; **Urbano-v-State**, 837 Sw.2d 114 (Tex.Crim.App. 1992) [proof beyond a reasonable doubt means proof that amounts to "a high degree of certainty".]; and it means "a degree of more substantial evidence than a mere modicum" or a single piece of evidence. **Butler-v-State**, 769 Sw.2d 234, n.2 (Tex.Crim. App. 1989).

For these reasons petitioner urges the Court that the Court of Appeals errored in finding the evdience sufficient to burglary of a habitation while using a deadly weapon. Especially in the light

-7-

of the State abandoning the aggravated assault with a deadly weapon. Thus, this Court ought to grant this petition on this issue.

**SECOND APPELLATE POINT** (restated):

COUNSEL FOR THE DEFENSE WAS INEFFECTIVE.

It is true the record is equivocal regarding defense counsel's effectiveness but silent as to his trial strategies. Thus, petitioner is left the option of beseiging this Court to review the alleged counsel errors and determine for itslef whether the Court of Appeals was correct in their finding that defense counsel was not ineffective. Doing so from the landmark decision of **Strickland-v-Washington**, 466 U.S.668 (1984).

Thus, petitioner stands upon appellate counsel's brief regarding thisissue and beseeches the Court to rule accordingly. Id.

**THIRD APPELLATE POINT** (restated):

THE TRIAL COURT COMMITTED ERROR IN NOT ALOWING
DEFENSE WITNESSES TO TESTIFY AT THE PUNISHMENT

Petitioner urges the Court that it was error to not allow him to present two defense witnesses in mitigation of punishment. Both of these witnesses, Dolores Trevino & Crystal Garcia, were not called to testify regarding the crime or their views as to whether petitioner was innocent of the Burglary conviction but rather in mitigation of punishment by testifying to their personal knowledge petitioner's background and family relationship(s). RR.Vol.4, pp. 113-116, 119; and p.126.

The Court of Appeals errored holding that the sequestration rule takes precedence over the Sixth Amendment. Claiming that:

"Assuming without deciding that appellant made a sufficient proof offer at trial court level, he does not explain on appeal how the testimony of the excluded witnesses would have differed from that offered by Ashley Gasca, whom the trial court permitted to testify for appellant during the punishment stage . . . Appellant does not explain how their testimony would have differed from Ashley's or how it would have been crucial to his case."

See Appellate Opinion in Appendix at p.11-12.

The Court relied on the sequestration rule inconjunction with **Delapaz-v-State**, 229 SW.3d 795, 802 (Tex.App. - Eastland 2007), rev'd. on other grounds, 273 Sw.3d 671, 681 (Tex.Crim.App. 2008).

Petitioner would urge the Court that a rule does not override the Sixth Amendment and the **Delapaz** decision affirmatively held the "witness' testimony would have been cumulative of other tetsimony that had already been received" while the appellate court surmised or speculated it would have been cumulative to Ashley Gasca's testimony.

For these reasons the Court should grant this petition and allowing briefing on the issue. Accord, **David-v-State**, 872 SW.2d 743 (Tex.Crim.App. 1994) with **Minor-v-State**, 91 Sw.3d 824 (Tex. App. Ft. Worth 2002, pet. ref'd.) and **Webb-v-State**, 766 Sw.2d 236 (Tex.Crim.App. 1984).

**FOURTH APPELLATE POINT** (restated):

THE TRIAL COURT COMMITTED ERROR IN INCLUDING THE AGGRAVATED ASSAULT WITH A DEADLY WEAPON CONVICTION IN THE JUDGEMENT.

The Court of appeals agreed with the trial court that an affirmative finding  of a deadly weaponincluded within the aggravated

-9-

assault offense-conviction should be in the judgement. Even though it had been abandoned by the State and no deadly weapon element was included within the Burglary of a Habitation offense charged to the jury at guilt/innocenec or at punishment. See CR.pp, 15, 71-78, 84-86 and 159-161; with RR.Vol. 5, pp. 8, 57, 3&x&8.36-43.

Thus, it was error for the Court of Appeals to agree with the trisl court that despite the Aggravated Assault count being abandoned by the State, and the jury sentencing petitioner only on the Burglary of a Habitation conviction, the trial court was correct in including the Aggravated Assault with a deadly weapon into the jury's judgement [as modified by the trial court]. CR. pp. 84-85, 159-161. See **Langs-v-State,** 183 SW.3d 680, 686 (Tex. Crim. App. 2006); **Littrell-v-State,** 271 Sw.3d 273 (Tex. Crim. App. 2008); **Garcia-v-State,** 571 Sw.2d 896, 899 (Tex. Crim. App. 1978).

For these reasons petitoner requests the Court to grant this petition for discretionary review and allow for briefing.

**FIFTH APPELLATE POINT** (restated):

> THE TRIAL COURT COMMITTED ERROR IN MAKING A FIND_
> ING THAT A DEADLY WEAPON WAS USED OR EXHIBITED.

Petitioner urges the Court that the Court of Appeals agreing with the trial court's error in finding that a deadly weapon was used or exhibits was contrary to the facts and law of this case. In that, the indictment contained two felony counts, to wit, the Aggravated Assault with a Deadly Weapon element, and a Burglary of a Habitation. The Burglary cpount did not contain any deadly weapon

-10-

element. CR. p.15. Likewise, the trial Court's Jury Charge instruct-
ions did not contain any deadly weapon element within the Burglary
of a Habitation count of the indictment, at eiyher the guilt-
innocence stage or the punishment phase. CR. pp.71-78; and RR. Vol.
5, p.57, 84-88.Finally, the jury did not make a specific finding
of any deadly weapon in the original judgement signed on April 23,
2012. CR. pp.84-88.

Furthermore, the evidence from the victim showed that it
was only possible that petitioner was theone who struck him with
the DVD Player during the commission of an aggravated assault with
a deadly weapon which was abandoned by the State. See RR. Vol.3,
pp. 35-36; with RR.Vol.5, p.8

Thus, it is apparent from the record that (1) the original
indictment did not contain any deadly weapon element within the
first count [the Burglary offense]; [2] the jury charge instruct-
ions at both guilt/innocence and piunishment did not contain any
deadly weapon element within the Burglay of a Habitation connt;
[3] the State abandoned the indictment count II that contained the
deadly weapon element; [4] and the evidence at trial showed an
equal or near equal legal snd fsctual predicate for petitioner be-
ing the person who used the alleged deadly weapon, to witK, the
DVD Player. Petitioner's defense was that the complainant was mis-
taken as to him being the perpetrator.

Yet, the trial court inserted an unfounded deadly weapon
finding in the judgement, even though originally the Court chose
not to make an affirmative finding. CR. pp.159-164.

For these reasons there is not sufficient support to include

-11-

a deadly weapon element [finding] within the Burglary's judgement of conviction. Especially, since the jury did not sentence petitioner with any deadly weapon element or finding. Thomas-v-State, 821 Sw.2d 616 (Tex.Crim.App.1991); **Nash-v-State**, 175 Sw.3d 487 (Tex. App. - Texarkana 2005, pet. ref'd.); **Berman-v-United States**, 302 U.S. 211, 212 (1937) ["Final judgement in a criminal case means sentence. The sentence is the Judgement."]; and the trial judge cannot increase the punishment on his own when the jury is the sentencer. See **Apprendi-v-New Jersey**, supra.

## PRAYER FOR RELIEF

**WHEREFORE PETITION CONSIDERED**, petitioner-appellant prays this Honorable Court will highly consider this prose petition for discretionary review and thereafter GRANT accordingly and ORDER briefing. It is so prayed. Thank you.

**RESPECTFULLY REQUESTED,**

_Frank Duran Jr._
**FRANCISCO DURAN, JR.: PETITIONER**

## VERIFICATION

I, FRANCISCO DURAN JR., DO HEREBY VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING FACTS CONTAINED IN THIS PETITION FOR DISCRETIONARY REVIEW ARE TRUE. I ATTEST TO THIS SIGNING MY SIGNATURE BELOW:

_Frank Duran Jr._
**FRANCISCO DURAN JR., AFFIANT**

-12-

## CERTIFICATE OF SERVICE

I, Francisco Duran Jr., do hereby certify that true copies of the foregoing petition for discretionary review was placed in the Robertson Unit's mail box on the **8th DAY OF APRIL 2016**, addressed to the Clerk of the Court of Criminal Appeals at Capitol Station, Austin, Texas. I attest to this by affixing my signature below:

*Francisco Duran Jr.*
FRANCISCO DURAN, JR.: PETITIONER
ROBERTSON UNIT # 1793551
12071    FM    3522
12071    FM    3522
ABILENE, TX. 79601

cc

FRANCISCO DURAN, JR., Appellant, v. THE STATE OF TEXAS, Appellee.
COURT OF APPEALS OF TEXAS, THIRTEENTH DISTRICT, CORPUS CHRISTI - EDINBURG
2013 Tex. App. LEXIS 8111
NUMBER 13-12-00344-CR
July 3, 2013, Delivered
July 3, 2013, Filed

**Notice:**

PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF
UNPUBLISHED OPINIONS.

**Editorial Information: Prior History**

On appeal from the 445th District Court of Cameron County, Texas.

**Counsel**                  FOR APPELLANT: Edmund K. Cyganiewicz, Attorney At Law,
Brownsville, TX.

                                 FOR APPELLEE: Luis V. Saenz, District Attorney, Brownsville,
TX; Rene B. Gonzalez, Assistant District Attorney, Brownsville, TX; Christopher G. Gonzalez,
Assistant District Attorney, Brownsville, TX.

**Judges:** Before Justices Rodriguez, Benavides and Longoria. Memorandum Opinion by Justice Longoria.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant sought review of the decision of the 445th District Court of
Cameron County (Texas), which convicted him of burglary of a habitation, a first-degree felony, in violation
of Tex. Penal Code Ann. § 30.02(a)(3) (2011).Defendant's conviction for burglary of a habitation under
Tex. Penal Code Ann. § 30.02(a)(3) was proper because a rational jury could have concluded that by
throwing the DVD player at the victim, defendant used the DVD player in a manner in which it was capable
of causing serious injury or death.

**OVERVIEW:** Defendant challenged his conviction for burglary of a habitation and the appellate court
affirmed, as modified. A rational jury could have concluded that by throwing the DVD player at the victim,
defendant used the DVD player in a manner in which it was capable of causing serious injury or death. the
indictment's allegation that appellant committed aggravated assault gave appellant adequate notice that
the State may have sought an affirmative deadly weapon finding. Furthermore, the jury's verdict that
defendant was guilty as charged of burglary of a habitation with the underlying offense of aggravated
assault affirmatively supported the trial court's judgment that a deadly weapon was used. Therefore, the
trial court did not err by including the finding in its judgment.

**OUTCOME:** The appellate court modified the judgment to delete the words "Special Issue" in the deadly
weapon finding, to reflect that the State abandoned Count II before the punishment phase and to reflect
that punishment was assessed only on Count I, and to reflect that defendant was convicted of a

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to
the restrictions and terms and conditions of the Matthew Bender Master Agreement.

first-degree felony. The judgment was affirmed as modified.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Juries & Jurors > Province of Court & Jury > General Overview*
*Criminal Law & Procedure > Appeals > Standards of Review > General Overview*
*Evidence > Procedural Considerations > Burdens of Proof > Proof Beyond Reasonable Doubt*
*Evidence > Procedural Considerations > Circumstantial & Direct Evidence*
*Evidence > Procedural Considerations > Weight & Sufficiency*

In evaluating the sufficiency of the evidence supporting a conviction, appellate courts view all the evidence in a light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The trier of fact is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. The State may prove the elements of an offense by either direct or circumstantial evidence. In a sufficiency review, circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. If the record supports conflicting inferences, the appellate court presumes that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution.

*Criminal Law & Procedure > Appeals > Standards of Review > General Overview*
*Evidence > Procedural Considerations > Weight & Sufficiency*

Appellate courts measure the sufficiency of the evidence supporting a conviction by the elements of the offense as defined by the hypothetically correct jury charge for the case applied to the particular facts of the case.

*Criminal Law & Procedure > Criminal Offenses > Crimes Against Persons > Assault & Battery > Aggravated Offenses > Elements*
*Criminal Law & Procedure > Criminal Offenses > Crimes Against Persons > Assault & Battery > Simple Offenses > Elements*
*Criminal Law & Procedure > Juries & Jurors > Province of Court & Jury > General Overview*

A person commits the crime of assault if he (1) intentionally, knowingly, or recklessly; (2) causes bodily injury to another, Tex. Penal Code Ann. § 22.01(a)(1). The penal code defines "bodily injury" as physical pain, illness or any impairment of physical condition, Tex. Penal Code Ann. § 1.07(a)(8) (Supp. 2011). Bodily injury is proven by evidence that the victim suffered some pain. A person commits the felony offense of aggravated assault if he commits assault and (1) causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon during the commission of the assault, Tex. Penal Code Ann. § 22.02(a)(2). A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury, Tex. Penal Code Ann. § 1.07(a)(17)(B). This language has been interpreted to mean that it is not necessary for the State to show that a defendant intended to cause death or serious bodily injury, only that appellant intended to use the object in a way that it could cause death or serious bodily injury. In determining whether an object is a deadly weapon, the jury may consider all the surrounding facts.

*Criminal Law & Procedure > Juries & Jurors > Province of Court & Jury > General Overview*
*Criminal Law & Procedure > Appeals > Deferential Review > General Overview*

1txcases                                    2

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

It is the role of the jury to resolve conflicts in the evidence, and the appellate courts must defer to that resolution.

### Criminal Law & Procedure > Appeals > Records on Appeal

An appellate court has the authority to modify the record to make it speak the truth when it has the necessary information to do so, Tex. R. App. P. 43.2(b).

### Criminal Law & Procedure > Criminal Offenses > Crimes Against Persons > Assault & Battery > Aggravated Offenses > Penalties
### Criminal Law & Procedure > Postconviction Proceedings > Parole

Eligibility for parole is affected by the inclusion in the convicting court's judgment of an affirmative finding that the defendant used a deadly weapon, Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (Supp. 2011). A defendant is generally entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution. This notice need only be provided to the defendant in some form. A completely separate indictment arising out the same facts provides adequate notice. Aggravated assault may be committed in only two ways, each involving the use of a deadly weapon. Therefore, an allegation that the defendant committed or attempted to commit aggravated assault is adequate notice that there would be an issue of the defendant's exhibition or use of a deadly weapon since each manner of committing aggravated assault involves the use of a deadly weapon. Furthermore, the State may seek an affirmative deadly weapon finding when, as in this case, an indictment alleges a burglary of a habitation in which, after entering, the appellant committed or attempted to commit a felony of aggravated assault. In such a case, the jury's verdict is an adequate basis for the trial court's entry of the affirmative finding in the judgment under the statutes which require such findings.

### Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel
### Criminal Law & Procedure > Counsel > Effective Assistance > Tests

In order to prevail on a claim of ineffective assistance of counsel, an appellant must meet the heavy burden of Strickland, under which the defendant must show by preponderance of evidence that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. A reasonable probability is a probability sufficient to undermine confidence in the outcome. If an appellant fails to prove one prong of the test, an appellate court need not reach the other prong.

### Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel
### Criminal Law & Procedure > Counsel > Effective Assistance > General Overview
### Criminal Law & Procedure > Appeals > Records on Appeal
### Evidence > Inferences & Presumptions > Presumptions

Courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. Although a single egregious error of omission or commission can constitute ineffective assistance, the court of criminal appeals has been hesitant to designate a particular error as per se ineffective assistance. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Allegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Direct appeal is therefore usually inadequate to make an ineffectiveness claim because the record is often undeveloped.

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

This is especially true where counsel's reasons for failing to do something do not appear in the record. Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Unless counsel had an opportunity to explain his trial strategy, Texas appellate courts will not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.

*Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Assistance of Counsel*
*Criminal Law & Procedure > Counsel > Effective Assistance > Pretrial*
*Criminal Law & Procedure > Appeals > Records on Appeal*

When the record is silent as to trial counsel's strategy, an appellate court may not speculate as to his intentions. Complete failure to file pretrial motions does not constitute ineffective assistance of counsel unless the defendant identifies prejudice that he suffered as a result.

*Criminal Law & Procedure > Witnesses > Presentation*

See Tex. Code Crim. Proc. Ann. art. 38.075(a) (Supp. 2011).

*Evidence > Testimony > Sequestration*

When invoked by either party or the court, Tex. R. Evid. 614 requires, with some exceptions, that witnesses be excluded from the courtroom during trial so that they are unable to hear the testimony of other witnesses. In excluding a defense witness from testifying for violation of Rule 614, a trial court should take into account the defendant's constitutional right to call witnesses on his behalf and have them testify. Generally, witnesses should not be excluded from testifying solely for violation of the rule. The following is a two-part inquiry for determining whether a trial court abused its discretion in excluding a defense witness for violation of Rule 614: (1) were there particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the content of that witness's testimony; and (2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense.

*Evidence > Procedural Considerations > Objections & Offers of Proof > Offers of Proof*

It is an appellant's burden to make a record, through a bill of exceptions, of the evidence he or she desires admitted.

*Criminal Law & Procedure > Criminal Offenses > Property Crimes > Burglary & Criminal Trespass > Burglary > Elements*

Burglary of a habitation is a first-degree felony if the premises entered is a habitation and the defendant commits or attempts to commit an offense other than felony theft while there, Tex. Penal Code Ann. § 30.02(d)(1)-(2).

**Opinion**

**Opinion by:**        NORA L. LONGORIA

**Opinion**

1txcases                                    4

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## MEMORANDUM OPINION

### Memorandum Opinion by Justice Longoria

In five issues, which we have reordered, appellant, Francisco Duran, challenges his conviction for burglary of a habitation, a first-degree felony. *See* Tex. Penal Code Ann. § 30.02(a)(3) (West 2011). We affirm as modified.

### I. Background

The State indicted appellant for burglary of a habitation with the underlying felony of aggravated assault (Count I) and a separate charge of aggravated assault with a deadly weapon (Count II). *See id.* §§ 30.02(a)(3), 22.02(a)(2) (West 2011). The aggravated assault charge contained in Count II was identical to the underlying felony alleged in the burglary charge.

Gonzalo Gonzalez testified that he was watching movies in his apartment with Juan Luna when he heard a group of individuals coming down the alleyway, talking loudly. Gonzalez and Luna both exited Gonzalez's apartment to investigate. Gonzalez testified that there were six individuals in the group: three juvenile males, two adult males, and one adult female. Gonzalez identified appellant as one of the adults in the group.

One of the other adults accused Luna of having thrown something1 through the window of the house where the group had been barbecuing and then fleeing back into Gonzalez's apartment. The group began to crowd around Luna, and Gonzalez intervened to protect him.2 The group responded by accusing Gonzalez of being the one who broke the window. Gonzalez testified that he instructed the group to leave his property but appellant "ran into [his] house . . . to search for whoever had broken the window." Gonzalez testified that he followed appellant into his house. The other adults followed Gonzalez, but the juveniles remained outside. Gonzalez testified that he grabbed appellant by the arm and attempted to pull him out of the house, at which time the other adult male in the group punched Gonzalez on the side of the head. Gonzalez testified that he fell to the floor as a result of the punch, and both appellant and the other adult male hit him. Gonzalez further testified that after he fell to the floor, appellant and the other adult male threw Gonzalez's Xbox game console, a "Wii Player," and a DVD player at him.3 The Wii and the DVD player struck Gonzalez's back. Because Gonzalez was on the floor facing downward he could not tell which of the two actually threw the DVD player. Gonzalez testified that at that point he got up, ran out of his apartment, and encountered police that were arriving to investigate the broken window. Appellant and the rest of the group returned through the alley to their house, where they had been barbecuing. Gonzalez testified that he suffered a laceration on his back and pain from his injuries.

Appellant's acquaintance Martin Perez testified that he picked up appellant from the house with the broken window. Perez testified that appellant was laughing and joking about the incident with the other people there. According to Perez, appellant stated that he and a group of other males went down the alley to another residence, entered the residence, and "got into an altercation" with someone in the residence. Police later arrested both Perez and appellant. The State originally indicted Perez for playing a role in the assault, but later dismissed the charges. Perez did not testify pursuant to an agreement with the State.4

Chevon Muniz, who was present at the barbeque at the time the window was broken, testified for the defense. She agreed that a group of men left to pursue the person who broke the window, but testified that appellant was not one of them. Muniz confirmed that appellant remained at the barbeque with her.

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The jury returned a verdict of guilty on both counts. The State voluntarily vacated Count II, aggravated assault with a deadly weapon, before the sentencing phase out of concern that imposing punishment for it would violate appellant's double jeopardy protection against receiving two punishments for the same offense. *See Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). The jury found the enhancement paragraph of a prior felony to be true, and assessed twenty-five years' imprisonment in the Texas Department of Criminal Justice-Institutional Division. The State later filed a motion to modify the judgment to enter an affirmative deadly weapon finding. The trial court granted the motion over appellant's objection and rendered a modified judgment that reflected an affirmative deadly weapon finding. This appeal followed.

## II. Discussion

### A. Sufficiency of the Evidence

In his first issue, appellant challenges the sufficiency of the evidence supporting his conviction for burglary of a habitation with the underlying offense of aggravated assault. *See* Tex. Penal Code Ann. § 30.02(a)(3).

### 1. Standard of Review

In evaluating the sufficiency of the evidence supporting a conviction, we view all the evidence in a light most favorable to the verdict and ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 683, 686-87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The trier of fact, in this case the jury, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Id.*; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op). "The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318-19 (1979)). The State may prove the elements of an offense by either direct or circumstantial evidence. *Id.* In a sufficiency review, "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). If the record supports conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687; *see Brooks*, 323 S.W.3d at 899 n.13.

### 2. Applicable Law

We measure the sufficiency of the evidence supporting a conviction "by the elements of the offense as defined by the hypothetically correct jury charge for the case" applied to the particular facts of the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In this case, the State had to prove that appellant: (1) intentionally or knowingly; (2) entered a habitation; (3) without the owner's effective consent; (4) and while there committed or attempted to commit aggravated assault. *See* Tex. Penal Code Ann. § 30.02(a)(3).

A person commits the crime of assault if he (1) intentionally, knowingly, or recklessly, (2) causes bodily injury to another. *Id.* § 22.01(a)(1). The penal code defines "bodily injury" as "physical pain, illness or any impairment of physical condition." *Id.* § 1.07(a)(8) (West Supp. 2011). Bodily injury is "proven by evidence that the victim suffered 'some' pain." *In re. I.L.*, 389 S.W.3d 445, 455 n.7 (Tex. App.-El Paso 2012, no pet.). "A person commits the felony offense of aggravated assault if he commits assault and (1) causes serious bodily injury to another, or (2) uses or exhibits a deadly

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

weapon during the commission of the assault." *Mitchell v. State*, 137 S.W.3d 842, 845 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd); *see* Tex. Penal Code Ann. § 22.02(a)(2). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B). The court of criminal appeals has interpreted this language to mean that it is not necessary for the State to show that a defendant intended to cause death or serious bodily injury, only that appellant intended to use the object in a way that it could cause death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); *see also Bailey v. State*, 46 S.W.3d 487, 490-91 (Tex. App.-Corpus Christi 2001, no pet.) (op. on remand). "In determining whether an object is a deadly weapon, the jury may consider all the surrounding facts." *Quincy v. State*, 304 S.W.3d 489, 500 (Tex. App.-Amarillo 2009, no pet.).

In brief, the State was required to prove that appellant entered Gonzalez's apartment without his permission and, while there, committed assault, which became aggravated by appellant using the DVD player in a way that it could cause death or serious bodily injury.

### 3. Analysis

Appellant argues that "the evidence does not show the commission, or even the attempt to commit aggravated assault with a deadly weapon." Specifically, appellant argues that the DVD player was "was merely thrown and not used to hit the victim." We interpret appellant as arguing that the evidence does not show that appellant used the DVD player as a deadly weapon.5 Gonzalez testified that appellant and the other adult male in the group threw an Xbox game console, a "Wii player," and a DVD player at appellant's back and that he suffered lacerations there as a result. Gonzalez further testified that he was still suffering pain from the impact of the DVD player at the time of the trial, which was held sixteen months after the incident. We conclude from this that the State produced sufficient evidence to demonstrate that appellant suffered bodily injury as a result of appellant's conduct.

As discussed above, the State produced testimony that appellant and the other male in the group threw several objects at Gonzalez, including the DVD player, and that the DVD player struck Gonzalez's back. The DVD player itself was also admitted into evidence for the jury's inspection. Raynel Salinas, a Gang Investigator for the City of Harlingen Police Department, testified that he thought the DVD player was a deadly weapon because it could cause serious injury if it was thrown at a person, as it was in this case. Other courts of appeals have concluded that objects thrown at a person can qualify as a deadly weapon. *See, e.g., Landrian v. State*, 263 S.W.3d 332, 336 (Tex. App.-Houston [1st Dist.] 2007), *rev'd on other grounds*, 268 S.W.3d 532, 540-42 (Tex Crim. App. 2008) (a broken bottle); *see also Marin v. State*, No. 08-00-344-CR, 2002 WL 1874815, at *3 (Tex. App.-El Paso Aug. 15, 2002, no pet.) (mem. op.) (not designated for publication) (a "water meter cover" and glass bottle); *Narcisee v. State*, No. 14-96-97-CR, 1998 Tex. App. LEXIS 6918, 1998 WL 767662, at *4 (Tex. App.-Houston [1st Dist.] Nov. 5, 1998, no pet.) (mem. op., not designated for publication) (a basketball).

Although appellant argues that the DVD player was not used to hit the victim, the jury heard testimony that appellant threw the DVD player at Gonzalez and struck Gonzalez with it. It is the role of the jury to resolve conflicts in the evidence, and we must defer to that resolution. *Garcia*, 367 S.W.3d at 687; *see Brooks*, 323 S.W.3d at 899 n.13. In sum, we hold that a rational jury could have concluded that by throwing the DVD player at Gonzalez, appellant used the DVD player in a manner in which it was capable of causing serious injury or death.6 *See Landrian*, 263 S.W.3d at 336.

Accordingly, appellant's first issue is overruled.

### B. Modification

In his second issue, appellant complains that the trial court erred in rendering a judgment that

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

included Count II, the aggravated assault charge. The record reflects that at the beginning of the punishment phase, the State's attorney rose and announced: "at this time the State is abandoning the second charge of aggravated assault with a deadly weapon due to the fact that the Defendant cannot be punished on both charges. It is double jeopardy, so we are going forward solely on the burglary of a habitation [charge]." In its brief, the State does not oppose appellant's request, but instead responds that it "may be appropriate to modify the trial court's judgment by removing the Aggravated Assault conviction" but asks that we preserve the deadly weapon finding, an issue we address below.

This Court has the authority to modify the record to make it speak the truth when it has the necessary information to do so. See Tex. R. App. P. 43.2(b); French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). It is unnecessary to completely delete Count II from the judgment because appellant was, in fact, convicted of it. We conclude that the judgment should be modified to reflect that the State abandoned Count II before the punishment phase and to affirmatively state that punishment was assessed only on Count I. See Gibson v. State, No. 06-07-200-CR, 2008 Tex. App. LEXIS 4915, 2008 WL 2596221, at *5 (Tex. App.-Texarkana July 2, 2008, pet. ref'd) (mem. op., not designated for publication) ("Accordingly, the trial court was correct in accepting the jury's verdict for burglary and ignoring or dismissing its conviction for aggravated assault.")

Appellant's second issue is otherwise overruled.

## C. Deadly Weapon Finding

In his third issue, appellant complains that the trial court erred in modifying the judgment to include a deadly weapon finding because: (1) the State failed to provide adequate notice that it would seek an affirmative deadly weapon finding; (2) the jury's verdict does not support the trial court's entry of an affirmative deadly weapon finding; and (3) the modified judgment incorrectly states that the deadly weapon finding was made by the jury pursuant to a special issue.

### 1. Applicable Law

"[E]ligibility for parole [is] affected by the inclusion in the convicting court's judgment of an affirmative finding that [the defendant] used a deadly weapon." Blount v. State, 257 S.W.3d 712, 713 (Tex. Crim. App. 2008); see Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (West. Supp. 2011). A defendant is generally "entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution." Grettenberg v. State, 790 S.W.2d 613, 614-15 (Tex. Crim. App. 1990) (citing Ex parte Beck, 769 S.W.2d 525, 526 (Tex. Crim. App. 1989)). This notice need only be provided to the defendant in some form. Id.; see Brooks v. State, 847 S.W.2d 247, 248-49 (Tex. Crim. App. 1990) (a completely separate indictment arising out the same facts provides adequate notice). "Aggravated assault may be committed in only two ways[,] . . . each involv[ing] the use of a deadly weapon." Blount, 257 S.W.3d at 714. Therefore, "an allegation that the defendant committed or attempted to commit aggravated assault [is] adequate notice that there would be an issue of [the defendant's] exhibition or use of a deadly weapon since each manner of committing aggravated assault involves the use of a deadly weapon." Crumpton v. State, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009). Furthermore, the State may seek an affirmative deadly weapon finding when, as in this case, an "indictment allege[s] a burglary of a habitation in which, after entering, the appellant committed [or] attempted to commit a felony of aggravated assault." Blount, 257 S.W.3d at 714. In such a case, "the jury's verdict [is] an adequate basis for the trial court's entry of the affirmative finding in the judgment under the statutes which require such findings." Crumpton, 301 S.W.3d at 665.

### 2. Analysis

In this case, the indictment's allegation that appellant committed aggravated assault gave appellant adequate notice that the State may have sought an affirmative deadly weapon finding. See id. at 664.

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Furthermore, we conclude that the jury's verdict that appellant was guilty as charged of burglary of a habitation with the underlying offense of aggravated assault "affirmatively supports the trial court's judgment that a deadly weapon was used." *Id.* at 665. Therefore, the trial court did not err by including the finding in its judgment. *See id.* ("[If] the jury finds the defendant guilty as charged in the indictment, the verdict is necessarily a finding that a deadly weapon was used.").

Finally, although we agree with appellant that the court did not submit a special issue to the jury, "[t]he State may be able to obtain a deadly-weapon finding from the jury at the guilt phase of trial either through the wording of the offense submission in the jury charge or through a special issue." *See In re State ex rel. Tharp,* 393 S.W.3d 751, 757 (Tex. Crim. App. 2012). We conclude that the judgment should be modified to delete the words "Special Issue" and to reflect that the deadly weapon finding was entered because of the jury's verdict that appellant was guilty as charged in the indictment.

Appellant's third issue is overruled in all other respects.7

### D. Ineffective Assistance of Counsel

In his fourth issue, appellant argues that he received ineffective assistance of counsel at trial as a result of a series of errors.

### 1. Applicable Law

In order to prevail on a claim of ineffective assistance of counsel, an appellant must meet the heavy burden of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Jaynes v. State,* 216 S.W.3d 839, 851 (Tex. App.-Corpus Christi 2006, no pet.). Under *Strickland,* the defendant must show by preponderance of evidence that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that the result of the proceeding would have been different but for the attorney's deficient performance. *Strickland,* 466 U.S. at 687; *Jaynes,* 216 S.W.3d at 851. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ex parte Ellis,* 233 S.W.3d 324, 330 (Tex. Crim. App. 2007). If an appellant fails to prove one prong of the test, we need not reach the other prong. *See Strickland,* 466 U.S. at 697; *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

We look to "the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Although "a single egregious error of omission or commission" can constitute ineffective assistance, the court of criminal appeals has been hesitant to designate a particular error as per se ineffective assistance. *Id.* "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* Allegations of ineffectiveness must be "firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* Direct appeal is therefore usually inadequate to make an ineffectiveness claim because the record is often undeveloped. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). This is especially true "where counsel's reasons for failing to do something do not appear in the record." *Id.* The court of criminal appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State,* 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Unless counsel had an opportunity to explain his trial strategy, Texas appellate courts will "not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed,* 187 S.W.3d at 392 (citing *Garcia v. State,* 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

### 2. Analysis

Appellant argues that a number of single errors constitute ineffective assistance of counsel, and even

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

if any of these errors do not suffice, counsel's performance as a whole compels a finding of ineffective assistance. Appellant complains of the following alleged errors by his trial counsel: (1) that counsel did not appear when ordered to by the court and had a writ of attachment issued for him; (2) once trial counsel appeared at jury selection, he performed "a very limited voir dire" and did not discuss important matters such as the defendant's possible election not to testify, the indictment, and the elements of the charged offense; (3) counsel's cross-examination of the State's witnesses was "rambling and not coherent," resulting in multiple admonishments from the trial judge; (4) counsel did not conduct an independent investigation and only moved for discovery the Friday before the Monday on which trial was scheduled to start; (5) counsel did not request a jury instruction on lesser-included offenses; and (6) he did not request a jury instruction on testimony of a jailhouse informant pursuant to article 38.075(a) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.075(a) (West Supp. 2011).

The record is silent as to trial counsel's strategy, and we may not speculate as to his intentions. His decision not to request a jury instruction on the lesser-included offenses could have been part of an "all-or-nothing trial strategy." *Ex parte White*, 160 S.W.3d 46, 55 (Tex. Crim. App. 2004). There is no evidence indicating whether or not counsel conducted an independent investigation. Appellant faults trial counsel for not filing a motion for discovery until the trial had almost started, but appellant has not indentified any prejudice that he suffered. *See Strickland*, 466 U.S. at 697; *Garcia*, 57 S.W.3d at 440; *see also Hammond v. State*, 942 S.W.2d 703, 710 (Tex. App.-Houston [14th Dist.] 1997, no pet.) (concluding that complete failure to file pretrial motions does not constitute ineffective assistance of counsel unless the defendant identifies prejudice that he suffered as a result). In any case, without a fuller record detailing trial counsel's strategy, appellant's claim of ineffective assistance fails as to these issues. *See Goodspeed*, 187 S.W.3d at 392; *Rylander*, 101 S.W.3d at 111.

Appellant also argues that trial counsel was ineffective for conducting a brief voir dire, but "a brief voire dire need not be equated with ineffectiveness of counsel." *Hollis v. State*, 219 S.W.3d 446, 463 (Tex. App.-Austin 2007, no pet.). The record reflects that trial counsel actually used all of the time he was given by the trial court for voir dire. During that time, he questioned the panel members regarding whether they understood the State's burden to prove his client's guilt beyond a reasonable doubt despite their own personal feelings, and questioned specific members with personal ties to law enforcement whether they could impartially consider police testimony. We hold that appellant's ineffective assistance of counsel issue fails as to this claim.

Appellant next argues that trial counsel erred by failing to request a jury instruction under article 38.075(a) of the code of criminal procedure regarding Perez's testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.075(a). Article 38.075(a) provides that:

> A defendant may not be convicted of an offense on the testimony of a person to whom the defendant made a statement against the defendant's interest during a time when the person was imprisoned or confined in the same correctional facility as the defendant unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed. *Id.*

However, Perez testified to incriminating statements appellant made before they were even arrested. Therefore, article 38.075(a) was inapplicable. Accordingly, we hold that appellant's ineffective assistance of counsel issue fails as to this claim.

Appellant next argues that trial counsel's representation was deficient because he had not seen a video that the State showed to the jury during the punishment phase before the State moved to admit it. The video apparently consisted of a compilation of recordings of numerous incidents of jailhouse misconduct by appellant during the trial. Although trial counsel stated that he had not seen the video, he made several proper objections before the court admitted it. Therefore, even assuming that not

1txcases                                           10

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

viewing the video was error, appellant has not established how he suffered prejudice as a result of it. We hold that appellant's ineffective assistance claim fails as to this issue.

Finally, appellant argues that his counsel was ineffective because his cross-examination of the State's witnesses was "rambling and not coherent." Counsel's questions specifically challenged Gonzalez's identification of appellant, the extent of Gonzalez's bodily injury because he refused transportation to a hospital at the time of the offense, and whether the DVD player and other electronic equipment used in the assault qualified as deadly weapons. Counsel also asked questions of Perez that highlighted the possibility that he was being less than truthful because the State previously indicted him in connection with this burglary. Admittedly, counsel refused to move on once the trial judge ruled that counsel's questions had been asked and answered at several points during the trial. The record nevertheless shows that counsel's cross-examination effectively challenged the testimony of the State's witnesses and was far from "rambling and incoherent." Accordingly, we hold that appellant's ineffective assistance claims fails as to this issue.8

We overrule appellant's fourth issue.

### E. Exclusion of Defense Witnesses

In his fifth issue, appellant argues that the trial court committed error by excluding two witnesses appellant wished to call to testify during the punishment phase of the trial for violation of the witness sequestration rule.

### 1. Standard of Review and Applicable Law

When invoked by either party or the court, Texas Rule of Evidence 614 ("the Rule") requires, with some exceptions, that witnesses be excluded from the courtroom during trial so that they are unable to hear the testimony of other witnesses. Tex. R. Evid. 614; see Longoria v. State, 148 S.W.3d 657, 660 (Tex. App.-Houston [14th Dist.] pet. ref'd). In excluding a defense witness from testifying for violation of Rule 614, a trial court should take into account the defendant's constitutional right to call witnesses on his behalf and have them testify. Longoria, 148 S.W.3d at 660. "[G]enerally, witnesses should not be excluded [from testifying] solely for violation of the rule." Id. The court of criminal appeals has announced a two-part inquiry for determining whether a trial court abused its discretion in excluding a defense witness for violation of Rule 614:

> (1) were there particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the content of that witness's testimony; and (2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense. Webb v. State, 766 S.W.2d 236, 245 (Tex. Crim. App. 1989); see Longoria, 148 S.W.3d at 660.

### 2. Analysis

Appellant admits that both excluded witnesses were present during the guilt-innocence stage of the trial, but he argues that neither of them were going to testify regarding the facts of case. At trial, appellant's counsel also argued that the two witnesses were only going to testify as to "background and family issues." Appellant did not explain the content of the testimony further, and it is unclear if he made a sufficient offer of proof to preserve this issue for review. "It is appellant's burden to make a record, through a bill of exceptions, of the evidence he or she desires admitted." Montgomery v. State, 383 S.W.3d 722, 726 (Tex. App.-Houston [14th Dist.] 2012, no pet.). Assuming without deciding that appellant made a sufficient offer of proof at the trial court level, he does not explain on appeal how the testimony of the excluded witnesses would have differed from that offered by Ashley Gasca, whom

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

the trial court permitted to testify for appellant during the punishment stage. Gasca testified that appellant was a positive role model for her and greatly assisted Gasca and her mother and sister once appellant came to live with them after his parents died. Appellant's two excluded witnesses were Gasca's mother, Dolores Trevino, and Crystal Gasca, whom we infer from the record to be Ashley Gasca's sister. Appellant does not explain how their testimony would have differed from Ashley's or how it would have been crucial to his case. Because appellant has not demonstrated that he meets the second prong of the *Webb* test, and is therefore unable to show he suffered prejudice from the exclusion, we conclude that the trial court did not abuse its discretion in refusing to permit Trevino and Crystal Gasca to testify. *See Delapaz v. State*, 229 S.W.3d 795, 802 (Tex. App.-Eastland 2007), *rev'd on other grounds*, 273 S.W.3d 671, 681 (Tex. Crim. App. 2008)) (testimony of excluded defense witness was not crucial when the witness' testimony would have been cumulative of other testimony that had already been received). Appellant's final issue is overruled.

## F. State's Requested Modification

The State also requests that we modify the judgment to reflect that appellant was convicted of a first-degree felony. The judgment states that appellant was convicted of a second-degree felony. Burglary of a habitation is a first-degree felony if the premises entered is a habitation and the defendant commits or attempts to commit an offense other than felony theft while there. Tex. Penal Code Ann. § 30.02(d)(1)-(2). The facts of this case fulfill both of these requirements. Accordingly, we grant the State's request and modify the judgment to reflect that appellant was convicted of a first-degree felony. *See* Tex. R. App. P. 43.2(b); *French*, 830 S.W.2d at 609.

## III. Conclusion

We modify the judgment to delete the words "Special Issue" in the deadly weapon finding, to reflect that the State abandoned Count II before the punishment phase and to reflect that punishment was assessed only on Count I, and to reflect that appellant was convicted of a first-degree felony. We affirm the judgment as modified.

/s/ Nora L. Longoria

NORA L. LONGORIA

Justice

Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

3rd day of July, 2013.

### Footnotes

1

There was conflicting testimony about whether a brick or a rock was used to break the window.
2

Luna is hearing impaired and was unable to understand what the group was saying.
3

Gonzalez also testified that appellant and the other male also tried to throw Gonzalez's TV but did not

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

remove the cord from the wall first.

On cross-examination, Perez testified that he was unsure of whether the indictment was still pending against him, although it appears from the nature of the questions of appellant's attorney that it had already been dismissed.

The "Wii Player" was also used to hit the victim, but the State argued at trial that the DVD player constituted the deadly weapon, and the judgment of conviction so reflects.

Appellant argues, correctly, that Gonzalez was facing downward when the DVD player hit him and testified that he was unable to see who threw it. Our analysis still applies because the jury charge in this case allowed the jury to convict appellant for aggravated assault either as the primary actor or as a party to it. *See* Tex. Penal Code Ann. § 7.02(a)(2) (West 2011).

Appellant also includes language in his brief that reargues the sufficiency of the evidence supporting the deadly weapon finding. We have already considered that argument above in appellant's first issue and need not repeat our reasoning here. *See* Tex. R. App. P. 47.1, 47.4.

Appellant also complains that when trial counsel did not appear on the morning of jury selection, the trial court issued a writ of attachment for him. Although this behavior certainly qualifies as a mistake, appellant does not allege how he suffered prejudice from it. Furthermore, no prejudice is apparent from the record, especially because trial counsel appeared later that day, the court recalled the writ, and jury selection proceeded.

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.