

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

No. PD-1645-06

DOMINIQUE LEKIE BLOUNT, Appellant

v.

THE STATE OF TEXAS

On Discretionary Review of Case 14-04-00946-CR of the
Fourteenth Court of Appeals,
Harris County

*WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and
PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.
MEYERS, J., dissented.*

The question in this case is whether the appellant was given adequate notice that there
would be an issue of his use or exhibition of a deadly weapon in the commission of the offense
of burglary of a habitation in which he committed or attempted to commit aggravated assault.

This court considered the issue of notice twenty years ago in *Ex parte Patterson* when it granted habeas corpus relief to a prisoner who had been convicted of murder and whose eligibility for parole was affected by the inclusion in the convicting court's judgment of an affirmative finding that he used a deadly weapon.[1] The basis for relief was not clear since the Court was fragmented and the support for the opinions was not clearly described.[2]

The lack of clarity was made moot within two years when the Court said in another murder case, "Language in *Ex parte Patterson* is overruled to the extent of conflict with [today's] holding."[3] That holding was cast in these terms:

> The State argues that it is "totally illogical for the Applicant to contend that an indictment charging her with causing the death of an individual by shooting him with a gun did not notify her that the gun was an object that 'in the manner of its use or intended use is capable of causing death or serious bodily injury.' Texas Penal Code, § 1.07(a)(11)(B) …."
> Section 1.07(a)(11)(B), supra, provides:
> "Deadly weapon" means:
> * * * * * *
> (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
> We agree with the State. It is apparent that any allegation which avers a death *was caused* by a named weapon or instrument *necessarily includes* an allegation that the named weapon or instrument was, "in the manner of its use … capable of causing" (since it *did* cause) death. Thus, applicant had sufficient notice that the weapon alleged is a deadly weapon and that her use of a deadly weapon would be an issue in the State's murder prosecution. Thus, the concerns

---

[1] *See Ex parte Patterson*, 740 S.W.2d 766 (Tex. Cr. App. 1987).

[2] An opinion by Judge Clinton (*id.*, at 767) announced the order granting relief (*see id.*, at 778), and it was treated by annotators (and to some extent by other members of the Court) as being the opinion of the Court, but in fact it was not joined by any other member of the Court. Judge Miller filed an opinion for a plurality of three judges, but it was called a "concurring" opinion. *See ibid.* The Court announced that Judge Teague "concurs in result." *Ibid.* Judge Campbell was unofficially reported to have "concurred in result." *Id.*, at 766. Two members of the Court dissented, and one did not participate. *Id.*, at 778.

[3] *Ex parte Beck*, 769 S.W.2d 525, 528 (Tex. Cr. App. 1989).

and individual constitutional guarantees elucidated in *Ex parte Patterson* are satisfied.[4]

Later in the same year, this court extended its reasoning to a case in which the indictment alleged that the defendant caused serious bodily injury less than death. The Court said:

> Applying the rationale from *Beck*, we hold that appellant had sufficient notice that use of a deadly weapon would be a fact issue at his trial. Under § 1.07(a)(11)(B), a deadly weapon is "anything that in the manner of its use or intended use is capable of causing … serious bodily injury." As noted earlier, the indictment alleged that appellant "caused serious bodily injury" to complainant by placing him in hot liquid. This language in the indictment necessarily includes an allegation that the hot liquid in this case, water, was a deadly weapon because "in the manner of its use [the water was capable of] caus[ing] serious bodily injury." Thus, appellant had sufficient notice that the nature of the weapon alleged in the indictment would be an issue at trial and that the State may seek an affirmative finding on the use of the weapon.[5]

Likewise, the *Beck* rationale extends to the case before us in which the indictment alleged a burglary of a habitation in which, after entering, the appellant "committed and attempted to commit a felony of aggravated assault."

Aggravated assault may be committed in only two ways: (1) by "caus[ing] serious bodily injury"[6] or (2) by "us[ing] or exhibit[ing] a deadly weapon during the commission of the assault."[7] Each of these involves the use of a deadly weapon. The first way necessarily implies the use of a deadly weapon, which is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."[8] The second way specifies the use of a deadly

---

[4] *Id.*, at 526–27 (emphases in original).

[5] *Gilbert v. State*, 769 S.W.2d 535, 536–37 (Tex. Cr. App. 1989).

[6] PENAL CODE § 22.02(a)(1).

[7] *Id.*, § 22.02(a)(2).

[8] *Id.*, § 1.07(a)(17)(B).

weapon. Therefore an allegation that a defendant committed aggravated assault gives him notice that the deadly nature of the weapon alleged in the indictment would be an issue at trial and that the State may seek an affirmative finding on the use of the weapon.

The Court of Appeals erred in holding that "the appellant was given no written notice of any kind[,] and no reference to a deadly weapon was made in the indictment."[9]

The judgment of the Court of Appeals is reversed, and the judgment of the District Court is affirmed.

Delivered July 2, 2008.
Publish.

---

[9] *Blount v. State*, 201 S.W.3d 170, 173 (Tex. App. — Houston [14th Dist.] 2006).