

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1634-07

**LINDSEY ALYN CRUMPTON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**HERVEY, J., filed a concurring opinion in which KEASLER and COCHRAN, JJ., joined.**

### CONCURRING OPINION

The court of appeals decided that the jury's application-paragraph findings and the verdict

form constituted an express deadly-weapon finding under this Court's decision in *LaFleur v. State*,

106 S.W.3d 91 (Tex.Cr.App. 2003).[1]  I agree.

---

[1]

*See Crumpton v. State*, No. 05-06-01673-CR slip op. at 8-9 (Tex.App.–Dallas, delivered August 31, 2007) (not designated for publication) ("[T]he jury in this case could not have found appellant guilty of criminally negligent homicide, as included within the manslaughter indictment, without also expressly deciding she used her motor vehicle, a deadly weapon. [Footnote omitted]. The reference to the indictment in both the application paragraph and in the verdict form is sufficient to constitute an express finding by the jury a deadly weapon was used during the commission of the

The charged manslaughter-offense indictment, in relevant part, alleged that appellant recklessly caused the complainant's death "by driving her motor vehicle, a deadly weapon" into the complainant's vehicle. The contested issue at trial was whether appellant drove her motor vehicle recklessly or negligently. In the jury-charge application paragraph on the lesser-included offense of criminally negligent homicide, the jury was instructed to find appellant guilty of "criminally negligent homicide as included in the indictment" if it found that appellant caused the complainant's death by criminal negligence. In its verdict form, the jury found appellant "guilty of criminally negligent homicide, as included in the indictment."

Although the jury-charge application paragraph on the lesser-included offense of criminally negligent homicide did not precisely track the language of the indictment, as was the case in *LaFleur*,[2] I believe that the reasoning of *LaFleur* still applies to this case. In this case, the reference in the application paragraph to the indictment with its "included in the indictment" language brings this case within *LaFleur*, because this was the equivalent of instructing the jury to find appellant guilty of criminally negligent homicide if it found that appellant negligently caused the complainant's death "by driving her motor vehicle, a deadly weapon" into the complainant's vehicle. *See LaFleur*, 106 S.W.3d at 99 ("In this case, the combination of: 1) the indictment which alleged 'a deadly weapon: to wit, a firearm'; 2) the jury charge application paragraph of the lesser-included offense of manslaughter that required a finding, beyond a reasonable doubt, that the appellant used

_____

offense and, thus, sufficient to support a deadly weapon finding in the judgment.").

[2] In *LaFleur*, the murder indictment alleged that the defendant committed the offense with "a deadly weapon, to-wit: a firearm" and the application paragraph on the lesser-included offense of manslaughter required a finding that the defendant used "a deadly weapon: to-wit, a firearm." *See LaFleur*, 106 S.W.3d at 92-93, 99.

'a deadly weapon: to-wit, a firearm'; and 3) the jury's verdict, that appellant was guilty of the lesser-included offense of manslaughter, contained an express finding that appellant used a firearm, which is a deadly weapon *per se*, to cause the complainant's death.").

I believe that an examination of the manslaughter indictment, the application paragraph on the lesser charge of criminally negligent homicide, and the verdict form indicates that the jury could not have found appellant guilty of criminally negligent homicide without also expressly deciding that she drove her "motor vehicle, a deadly weapon." *See LaFleur*, 106 S.W.3d at 98 (purpose of ensuring an "express finding" of a deadly weapon is satisfied by looking to the explicit requirements of the application paragraph, the indictment and the verdict form). Any other decision would exalt "form over substance to no discernible jurisprudential purpose." *See LaFleur*, 106 S.W.3d at 98.

In addition, I agree with the Court's opinion that the reasoning of this Court's decision in *Blount v. State*[3] supports a decision that "a verdict of guilt in a homicide case may be an affirmative finding that a deadly weapon was used, since causing death by an act (as distinguished from an omission) necessarily requires the use of a deadly weapon." *See* Maj. op. at 2. With these comments, I join the Court's opinion deciding that the jury made an express finding that appellant used a deadly weapon.[4]

Hervey, J.

---

[3] 257 S.W.3d 712 (Tex.Cr.App. 2008).

[4] Any prior decisions by this Court requiring a contrary decision, as discussed in Presiding Judge Keller's dissent, should be overruled as being inconsistent with our more recent decisions in *Blount* and *LaFleur*. *See Awadelkariem v. State*, 974 S.W.2d 721, 725 (Tex.Cr.App. 1998) ("When older precedent conflicts with a newer decision that is found to be more soundly reasoned, we may resolve the inconsistency in favor of the more soundly reasoned decision.").

Filed: December 9, 2009
Publish