

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

No. PD-1634-07

---

LINDSEY ALYN CRUMPTON, Appellant

v.

THE STATE OF TEXAS

---

On Discretionary Review of Case 05-08-01673-CR of the
Fifth Court of Appeals,
Dallas County

---

*WOMACK, J., delivered the opinion of the Court, in which JOHNSON, KEASLER, HERVEY, and COCHRAN , JJ., joined. HERVEY, J., filed a concurring opinion, in which KEASLER and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion, in which PRICE and HOLCOMB, JJ., joined. MEYERS, J., filed a dissenting opinion.*

The issue is the propriety of a deadly-weapon finding in a judgment of guilt of the offense of criminally negligent homicide. The Court of Appeals upheld the finding. *Crumpton v. State*, No. 05-06-01673-CR (Tex. App. – Dallas 2007) (not designated for publication).

The one-count indictment alleged (and the evidence showed) that the appellant did "cause the death of an individual ... by driving her motor vehicle, a deadly weapon ... to ... strike and collide with the complainant's motor vehicle."

The jury's verdict was, "We, the jury[,] find the defendant guilty of criminally negligent homicide, as included in the indictment."

The jury's verdict was a finding that the defendant used a deadly weapon. One reason is that the verdict expressly found the defendant guilty of the offense "as included in the indictment." The indictment expressly alleged that the defendant committed the offense with "a deadly weapon." The verdict's reference to the indictment therefore constituted a finding that that allegation was true.

Another reason is that a verdict of homicide necessarily is a finding that a deadly weapon was used. The statutory definition of "deadly weapon" includes "*anything* that in the manner of its use … is capable of causing death …." Penal Code section 1.07(a)(17)(B). Having found that the defendant was guilty of homicide, the jury necessarily found that the defendant used something that in the manner of its use was capable of causing – and did cause – death. Therefore the verdict was an adequate basis for the trial court's entry of the deadly-weapon finding in the judgment.

Today's decision is consistent with, and was foreshadowed by, our decision in *Blount v. State*, 257 S.W.3d 712 (2008), in which we held that an allegation that the defendant committed or attempted to commit aggravated assault was adequate notice that there would be an issue of his exhibition or use of a deadly weapon since each manner of committing aggravated assault involves the use of a deadly weapon.

A dissenting opinion[1] makes two points, neither of which rebuts our reasoning. One is that, in *Ex parte Beck*, this court said in dicta that, "had the jury not answered a special issue that the gun was a deadly weapon there would have been no affirmative finding of deadly weapon made, even upon the return of 'guilty as charged in the indictment.'" But the statement in *Beck* was based on a holding that we expressly rejected just last year in *Blount*. The *Beck* opinion said that "where there is no allegation in the indictment which comports with the definition of deadly weapon as set out in § 1.07(a)[17](B) [of the Penal Code], the defendant is clearly *not* put on notice that there will be an issue in the case concerning use or exhibition of a deadly weapon."[2] In *Blount* we held the opposite, as we have said above.

The dissenting opinion's other point is that a verdict's finding of "guilty as charged in the indictment" (or, in this case, "as included in the indictment") may not be a finding that a deadly weapon was used. Again, this reasoning is inconsistent with *Blount* and the express language of the deadly-weapon statute. If a deadly weapon is anything that is capable of causing death or serious bodily injury, and the indictment alleges that the defendant caused death or serious bodily injury, and the jury finds the defendant guilty as charged in the indictment, the verdict is necessarily a finding that a deadly weapon was used.

The only thing that today's decision adds to our holding in *Blount* is the decision that the jury's verdict was an adequate basis for the trial court's entry of the affirmative finding in the

---

[1] Opinion of Keller, P.J., *post.*

[2] *Ex parte Beck*, 769 S.W.2d 525, 528 (Tex. Cr. App. 1989).

judgment under the statutes which require such findings.[3] This decision follows naturally and easily from the holding of *Blount*.

The difficult question (which neither dissenting opinion addresses) would be: In the face of such statutory requirements for deadly-weapon findings, how could a jury convict a defendant of a homicide (and a trial court enter a judgment for that offense) *without* finding that a deadly weapon was used? There might be a possibility of an illogical and inconsistent act of clemency by a jury, which might have the power to so act in answering a special verdict about the use of a deadly weapon. But in this case the jury entered a verdict which affirmatively supports the trial court's judgment that a deadly weapon was used.

We affirm the judgment of the Court of Appeals.

Delivered December 9, 2009.
Publish.

---

[3] Article 42.12 of the Code of Criminal Procedure refers to such a case – "When it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used … during the commission of a felony offense …, and that the defendant used … the deadly weapon" – and section 3g(a)(2) of that article says, "On an affirmative finding under this subdivision, the trial court shall enter the finding in the judgment of the court."

Correspondingly, Article 42.01, sec. 1 says, "The judgment shall reflect: … 21. Affirmative findings entered pursuant to Subdivision (2) of Subsection (a) of Section 3g of Article 42.12 of this code."