# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00040-CR

**Kendal Clark Smith, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT NO. CR2009-448, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kendal Clark Smith pled guilty to the charge of aggravated assault causing serious bodily injury. *See* Tex. Penal Code § 22.02(a)(1). He was placed on deferred adjudication community supervision, which was later revoked. The trial court adjudicated him guilty of aggravated assault and assessed a sentence of sixteen years in prison. In its written judgment, the trial court made a finding that appellant used a deadly weapon in the commission of the offense. Appellant contends that the deadly-weapon finding must be vacated because the indictment did not give notice that the State would seek that finding. We will affirm the judgment.

The indictment originally alleged that appellant did "intentionally, knowingly or recklessly cause bodily injury to [the victim], by striking the said [victim] in the face with his fists *and during the commission of said assault the said KENDAL CLARK SMITH, did use or exhibit a deadly weapon, to wit, his hands or fist, that in the manner of their use or intended use were capable of causing death or serious bodily injury*." (Emphasis added.) Just before appellant pled guilty, the

indictment was amended to delete the italicized portion of the indictment set out above, and to insert the word "serious" before the term "bodily injury." This essentially changed the aggravated-assault allegation from a violation of Texas Penal Code section 22.02(a)(2) to a violation of Texas Penal Code section 22.02(a)(1).

In pleading guilty, appellant initialed a stipulation and judicial confession that stated that he did "admit and judicially confess that I knowingly and intentionally and unlawfully committed the offense(s) alleged in the indictment . . . in the manner alleged and that such allegations are true and correct, and that I am in fact GUILTY of the offense alleged." He also pled guilty orally in the plea hearing on September 13, 2010. The trial court admitted into evidence the police report stating that appellant punched the victim in the side of the head, grabbed his hair, and rammed his face into a car window. The victim told police that the injury to his jaw required surgical repair, and that he then contracted pneumonia as a complication of surgery. The police report stated that appellant "readily" admitted hitting the victim, but contended that he was responding to provocation and threats by the victim and his companions.

When appellant violated his probation and was adjudicated guilty in 2012, the trial court found that he used a deadly weapon when committing this aggravated assault. Appellant contends that the amendment of the indictment that removed the express language concerning a deadly weapon removed notice that the State would seek a deadly-weapon finding and, therefore, that the deadly-weapon finding must be vacated.[1]

---

[1] We note that there is no allegation that the deadly-weapon finding enhanced the offense level or the punishment range, and also note that the punishment assessed is within the standard second-degree felony range for aggravated assault. *See* Tex. Penal Code §§ 12.33(a) (punishment

The court of criminal appeals has held that sufficient notice of the State's intent to seek a deadly-weapon finding can be provided by language in an indictment that specifically mentions a particular object or substance and its use with respect to death or serious bodily injury. *Narron v. State*, 835 S.W.2d 642, 643 (Tex. Crim. App. 1992). Here, the State alleged that appellant caused serious bodily injury by hitting the victim with his fists.[2] The court of criminal appeals has held that an allegation that a defendant committed aggravated assault by causing serious bodily injury "necessarily implies the use of a deadly weapon, which is 'anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.'" *Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008); *see also* Tex. Penal Code §§ 1.07(a)(17)(B) (deadly weapon), 1.07(a)(46) (serious bodily injury), 22.02(a)(1) (assault aggravated by causing serious bodily injury); *cf. Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009) (fact-finder convicting defendant of criminally negligent homicide inherently makes deadly-weapon finding and supports trial court's making express deadly-weapon finding). Because the definition of "deadly weapon" includes "anything that in the manner of its use or intended use is capable of causing death *or serious bodily injury*," *see* Tex. Penal Code § 1.07(a)(17)(B) (emphasis added), and appellant confessed to causing "serious bodily injury," the court of criminal appeals opinions compel that we find that the indictment provided sufficient notice of a deadly-weapon allegation. *See Crumpton*, 301 S.W.3d at 664; *Blount*, 257 S.W.3d at 714. Appellant's confession to the offense indicted, bolstered by the police report, provided sufficient evidence to support the finding.

range for second-degree felony is two to twenty years in prison), 22.02(a)(1), (b) (aggravated assault is normally a second-degree felony).

[2] A fist is not a deadly weapon per se, but can be such in the manner used depending on the evidence shown. *Turner v. State*, 664 S.W.2d 86, 90 (Tex. Crim. App. 1983).

## CONCLUSION

We affirm the judgment.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 28, 2014

Do Not Publish