**AFFIRMED; Opinion Filed October 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01082-CR

### CHRISTOPHER WALKER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1300149-T**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Lang

A jury convicted Christopher Walker of second degree felony aggravated assault. Following punishment testimony, the trial court made affirmative deadly weapon and family violence findings and assessed a twenty-year sentence. Walker contends the trial court erred in making an "implied" deadly weapon finding. Concluding the finding was proper, we affirm the trial court's judgment.

### I. BACKGROUND

The underlying facts are undisputed. On July 20, 2012, Walker physically assaulted his girlfriend, Brittany England. England, who was five-months pregnant, was taken by ambulance to the hospital where she was treated for facial fractures, multiple lacerations to her face, and an injury to her eye.

The State charged Walker with first degree felony aggravated assault. *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2014); § 22.02(a),(b)(1) (West 2011). Specifically, the indictment alleged he "intentionally, knowingly and recklessly cause[d] serious bodily injury" to England "by STRIKING [HER] WITH A HAND AND A TELEPHONE RECEIVER." The indictment further alleged Walker "use[d] a deadly weapon, to wit: a HAND AND TELEPHONE RECEIVER, during the commission of the assault," had a dating relationship with England, and was a member of England's family and household.

The jury was charged in accordance with the indictment, as well as on the lesser-included offenses of second degree felony aggravated assault and misdemeanor assault. *See id.* §§ 22.01(a), 22.02(a),(b). The application paragraphs concerning the second degree felony aggravated assault alleged alternate theories of committing the offense and read, in relevant part, as follows:

> [I]f you find from the evidence beyond a reasonable doubt that . . . Christopher Walker did unlawfully then and there intentionally, knowingly, or recklessly cause bodily injury to . . . Brittany England . . . by striking complainant with a hand or a telephone receiver, and said defendant did use a deadly weapon, to wit: a hand or a telephone receiver, during the commission of the assault, and further, the said defendant has and has had a dating relationship with the said complainant or the said defendant was a member of the complainant's family and household, you will find the defendant guilty of the offense of aggravated assault second degree as included in the indictment.

> **OR**

> [I]f you find from the evidence beyond a reasonable doubt that . . . Christopher Walker did unlawfully then and there intentionally, knowingly, or recklessly cause serious bodily injury to . . . Brittany England . . . by striking complainant with a hand or a telephone receiver, and said defendant has and has had a dating relationship with the said complainant or the said defendant was a member of the complainant's family and household, you will find the defendant guilty of the offense of aggravated assault second degree as included in the indictment.

The trial court did not submit a deadly weapon special issue to the jury, and the jury returned a general verdict finding Walker guilty of "aggravated assault second degree as included in the

indictment." As stated, following evidence at punishment, the trial court made an affirmative finding that Walker used his hand as a deadly weapon. The trial court also made a family violence finding.

## II. DEADLY WEAPON FINDING

Walker's complaint regarding the deadly weapon finding stems from well-settled case law holding that, when the jury is the fact finder, an affirmative finding that a deadly weapon was used or exhibited during the commission of the offense must be made by the jury. *See Barecky v. State*, 639 S.W.2d 943, 944 (Tex. Crim. App. [Panel Op.] 1982). He notes that when, as here, the defendant is convicted of a lesser included offense, the trial court may look at the application paragraph of the jury charge, the verdict form, and the indictment to determine whether the jury expressly found a deadly weapon had been used. *Lafleur v. State*, 106 S.W.3d 91, 98 (Tex. Crim. App. 2003). Because the jury returned a general verdict after being authorized to convict him of a second degree felony assault under alternate theories, one of which did not expressly allege the use of a deadly weapon, Walker argues the jury charge and verdict form do not support a deadly weapon finding by the jury, and the trial court erred in making the finding. *See Gokey v. State*, 314 S.W.3d 63, 68 (Tex. App.--San Antonio 2010, pet. dism'd) ("Allegations that a defendant . . . either caused bodily injury and used a deadly weapon or caused serious bodily injury state two different manners in which the crime of aggravated assault may be committed."). In response, the State argues no error occurred because the trial court, as the fact finder at punishment, was authorized to make the finding.

### A. Applicable Law

A deadly weapon is, in relevant part, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17) (West. Supp. 2014). As such, an allegation that a defendant committed an offense by causing

serious bodily injury or death necessarily implies the use of a deadly weapon. *See Crumpton v. State,* 301 S.W.3d 663, 664 (Tex. Crim. App. 2009); *Blount v. State*, 257 S.W.3d 712, 714 (Tex. Crim. App. 2008); *Vallado v. State*, 350 S.W.3d 257, 260 (Tex. App.-–San Antonio 2011, pet. ref'd).

A finding that a deadly weapon was used or exhibited during the commission of a crime affects a defendant's eligibility for probation and parole. *See* TEX. GOV'T CODE ANN. § 508.145 (West Supp. 2014); *Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex. Crim. App. 2005). When the jury determines both guilt and punishment, the jury is the proper fact finder to determine whether a defendant used a deadly weapon. *Polk v. State*, 693 S.W.2d 391, 395 (Tex. Crim. Ap. 1985). When the trial court is the fact finder in the punishment phase of trial, the trial court has the authority to make an affirmative deadly weapon finding if the jury has not decided the matter. *Fann v. State*, 702 S.W.2d 602, 604 (Tex. Crim. App. 1985) (op. on reh'g). The jury will be deemed to have decided the matter when (1) it affirmatively answers a special deadly weapon issue in the jury charge; (2) the instrument used in the commission of the offense is a deadly weapon per se, such as a pistol or firearm; (3) the indictment alleges the use or exhibition of a deadly weapon and the jury finds the defendant guilty of the offense "as alleged in the indictment" or "as included in the indictment;" (4) the verdict is based on an application paragraph that expressly requires the jury to find the defendant used a deadly weapon; or (5) the indictment alleges the defendant caused death or serious bodily injury. *Crumpton*, 301 S.W.3d at 664; *Blount*, 257 S.W.3d at 714; *Lafleur*, 106 S.W.3d. at 95 (citing *Polk*, 693 S.W.2d at 394), 98.

### B. Application of Law to Facts

In making their arguments, both Walker and the State assume the jury made no deadly weapon finding. However, by finding Walker guilty of "aggravated assault second degree as included in the indictment," an indictment which specifically alleged a deadly weapon, the jury

affirmatively found Walker used a deadly weapon in the commission of the offense. *See Crumpton*, 301 S.W.3d at 664. Moreover, whether the jury found Walker committed aggravated assault by using or exhibiting a deadly weapon during the commission of the assault or causing serious bodily injury, both means involved the use of a deadly weapon. *See Blount*, 257 S.W.3d at 714. The first manner specified that a deadly weapon was used. The second manner necessarily implied the use of a deadly weapon, as a deadly weapon includes anything capable of causing serious bodily injury. *Id.* Because the jury found Walker guilty of aggravated assault, it necessarily found the commission of the assault involved the use or exhibition of deadly weapon. *See Crumpton*, 301 S.W.3d at 664. Accordingly, the trial court did not err when it made an affirmative deadly weapon finding. *See id.*; *Lafleur*, 106 S.W.3d at 94. We resolve Walker's sole issue against him.

### III. CONCLUSION

Having resolved Walker's sole issue against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131082F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER WALKER, Appellant

No. 05-13-01082-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1300149-T.
Opinion delivered by Justice Lang. Justices Bridges and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 29th day of October, 2014.