Tracy Christopher, Justice, concurring.
CONCURRING OPINION
I concur in the judgment but I respectfully disagree with the majority's reasoning. In my opinion, appellant pleaded guilty to the deadly weapon factual allegation. There is no need to go further in the opinion than that. Instead, the majority essentially concludes that a deadly weapon finding is always presumed in an intoxication manslaughter case.
The case law in this area is confusing and contradictory. Let's start with the notice requirement. As noted in the majority opinion, the Court of Criminal Appeals has held that a defendant is "entitled to notice that the State would pursue an affirmative finding." Ex parte Patterson , 740 S.W.2d 766, 775 (Tex. Crim. App. 1987). The notice need not appear in the indictment; however, "it may, and probably should appear there, preferably in a separate paragraph." Id. at 776.
Patterson 's holding was clarified by Ex parte Beck , 769 S.W.2d 525 (Tex. Crim. App. 1989). In that case, the indictment alleged that the defendant caused the death of the complainant by shooting him with a gun. The court held that this was sufficient notice of an intent to seek a deadly weapon finding.
Beck 's holding was expanded in Blount v. State , 257 S.W.3d 712 (Tex. Crim. App. 2008). In that case, an allegation that the defendant committed or attempted to commit aggravated assault in connection with a burglary gave adequate notice for a deadly weapon finding. The court held:
Aggravated assault may be committed in only two ways: (1) by "caus[ing] serious bodily injury" or (2) by "us[ing] or exhibit[ing] a deadly weapon during the *389 commission of the assault." Each of these involves the use of a deadly weapon. The first way necessarily implies the use of a deadly weapon, which is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." The second way specifies the use of a deadly weapon. Therefore an allegation that a defendant committed aggravated assault gives him notice that the deadly nature of the weapon alleged in the indictment would be an issue at trial and that the State may seek an affirmative finding on the use of the weapon.
Id. at 714 (citations omitted).
One lower court opinion has discussed Blount in connection with intoxication manslaughter. See Hood v. State , No. 06-09-00227-CR, 2010 WL 3189975 (Tex. App.-Texarkana Aug. 13, 2010, no pet.) (mem. op., not designated for publication). That court explained:
Looking first at the indictment, we find that Hood was given notice of the charge that his operation of a motor vehicle while intoxicated caused the death of Fisher "by driving said motor vehicle into the person of the said injured party." Our highest court has held that any allegation which avers that a death was caused by a named instrument necessarily includes an allegation that the named instrument was "in the manner of its use ... capable of causing" (since it did cause) death.
Id. , 2010 WL 3189975, at *3.
The court concluded that the indictment itself gave notice that the State would seek a deadly weapon finding. (The court also noted that the State sent another notice eight days before trial.) The defendant pleaded guilty and the court made a deadly weapon finding.
Here, in Trial Cause No. 14-CR-2296, the indictment alleged intoxication manslaughter[1] and included a separate notice requirement as follows:
IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS
THE GRAND JURORS for the County of Galveston ... present that ADRIAN PAUL MILLS ... did then and there operate [a] motor vehicle in a public place while intoxicated ... and did by reason of such intoxication cause the death of another, namely ASHLEY BOYD, by accident or mistake, to-wit: by driving said motor vehicle into a motor vehicle driven by ASHLEY BOYD.
NOTICE OF INTENT TO SEEK A DEADLY WEAPON FINDING
And it is further presented that the defendant used or exhibited a deadly weapon, to-wit: a motor vehicle, during the commission of or immediate flight from said offense.
AGAINST THE PEACE AND DIGNITY OF THE STATE.
Appellant alleged in his brief that he did not plead guilty to the deadly weapon finding and wanted a jury to make the deadly weapon finding. I agree with the majority opinion that he pleaded guilty to the deadly weapon finding and section II of the opinion.
Appellant signed this form:
GUILTY PLEA: Understanding and agreeing to all of the above, I freely and voluntarily plead GUILTY and confess my GUILT to having committed each and every element of the offense alleged in the indictment or information by *390 which I have been charged in this cause and I agree and stipulate that the facts contained in the indictment or information are true and correct and constitute the evidence in this case.
Twice the entire indictment was read to the appellant (including the notice of intent and the supplemental factual allegation) and he pleaded guilty. At no time did appellant indicate that he was not pleading guilty to the deadly weapon factual assertion. That should be the end to this point of error.
Instead the majority goes further in section III and unnecessarily concludes that an indictment for intoxication manslaughter will always include a deadly weapon allegation-and that such a finding does not have to separately be made by a fact finder. In other words, the majority opinion stands for the proposition that if there was no "notice of intent" and no factual assertion of a deadly weapon in the indictment, the trial judge could still have entered a deadly weapon finding. While this may ultimately be a proper extension of Blount , it is unnecessary at this time. And as such it is dicta.
This holding will also mean that a jury will never have to be asked for a separate finding of deadly weapon in an intoxication manslaughter case-because the judge can imply it later under Crumpton v. State , 301 S.W.3d 663 (Tex. Crim. App. 2009). This holding will also mean that we will not have to do a separate sufficiency review for evidence of a deadly weapon if the jury finds the defendant guilty of intoxication manslaughter.[2] It will also mean that State will not have to put on any evidence of the manner of use of the vehicle-other than to show it caused the death of or serious bodily injury to someone. Normally, the State follows the dictates of Sierra v. State , 280 S.W.3d 250 (Tex. Crim. App. 2009), and establishes that the driving was dangerous or reckless or violated traffic laws. In fact, the cases described in footnote two detail the evidence of reckless or dangerous driving.
But under the majority opinion, that will no longer be necessary. Even without reckless or dangerous driving, a deadly weapon finding is appropriate. So, for example, a deadly weapon finding is always appropriate for an intoxicated person, who by accident, slowly backs out of a parking space and hits a pedestrian (because he was too intoxicated to notice the pedestrian) causing death or serious bodily injury to the pedestrian. Nor could a defendant plead guilty to intoxication manslaughter but not guilty to the deadly weapon allegation-because those two pleas would conflict.
To me, this turns the entire concept of a "separate deadly weapon finding" on its head. It has the effect of automatically reducing a defendant's eligibility for parole *391 for any crime where an element of the offense is death or serious bodily injury. Perhaps this is where the Court of Criminal Appeals will ultimately go, but it is unnecessary to this case and therefore I respectfully concur in the judgment only.

A separate indictment in Trial Cause No. 14-CR-2297 alleged intoxication assault by causing serious bodily injury to Alice Boyd.

Recent court of appeals decisions go both ways on this issue. Several courts have performed a separate sufficiency review. See Hilburn v. State , 312 S.W.3d 169, 176-78 (Tex. App.-Fort Worth 2010, no pet.) ; Cook v. State , 328 S.W.3d 95, 101 (Tex. App.-Fort Worth 2010, pet. ref'd) ; Balderas v. State , No. 13-11-00522-CR, 2012 WL 2469642, at *2-3 (Tex. App.-Corpus Christi June 28, 2012, no pet.) (mem. op., not designated for publication); Pina v. State , No. 11-10-00135-CR, 2012 WL 1579561, at *7 (Tex. App.-Eastland May 3, 2012, pet. ref'd) (mem. op., not designated for publication); Brown v. State , No. 10-09-00110-CR, 2010 WL 376953, at *1-2 (Tex. App.-Waco Feb. 3, 2010, pet. ref'd) (mem. op., not designated for publication); Jackson v. State , No. 08-07-00061-CR, 2009 WL 1552890, at *9 (Tex. App.-El Paso June 3, 2009, no pet.) (not designated for publication). The Texarkana Court of Appeals concluded that actually causing the death of another is all the proof needed to support a deadly weapon finding, but went ahead and looked at the manner of driving the vehicle too. See Hood , 2010 WL 3189975, at *4-5.